UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Molly Stephens

Attorneys Present for Defendants:  
Richard Pinto, II

**Proceedings:** ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 14, filed on November 5, 2024)

## I. INTRODUCTION

On September 20, 2024, the City of Los Angeles ("the City") filed a complaint against Pulice Construction, Inc. ("Pulice"). Dkt. 1. On October 15, 2024, Pulice filed its answer to the City's complaint, along with a counterclaim. Dkt. 12 ("CC"). Pulice's counterclaim alleges a single claim for relief, breach of contract, and alleges six ways in which the City breached the contract: (a) the City failed to timely approve Pulice's February 16, 2024 Claim ("February 2024 Claim") and process it for payment; (b) the City delayed and disrupted the project in an unreasonable manner not within contemplation of the parties; (c) the City breached an implied or express warranty that the plans and specifications it issued were accurate and complete; (d) the City breached an implied or express warranty that it would not interfere with the performance of Pulice's work; (e) the City breached an implied or express warranty that it would provide Pulice with access to the site in order to perform the project work; and (f) the City breached the implied covenant of good faith and fair dealing. CC ¶ 53(a)-(f).

On November 5, 2024, the City filed a partial motion to dismiss Pulice's counterclaim, seeking to dismiss the alleged breaches of express or implied warranties and covenants asserted in theories (c) through (f). Dkt. 14 ("Mot."). The same day, the City filed a request for judicial notice. Dkt. 15 ("RJN"). On November 26, 2024, Pulice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

filed its opposition. Dkt. 16 ("Opp."). On December 9, 2024, the City filed its reply. Dkt. 17 ("Reply").

On December 23, 2024, the Court held a hearing. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Pulice alleges the following facts in its Counterclaim. In 2018, the City issued a notice inviting bids from contractors for the Soto Street Bridge Project, which was to be built in accordance with plans and specifications issued by the City. CC ¶ 5. Pulice was the lowest responsive bidder, and the City awarded it a contract ("Contract") for the project based on its $12,606,327 bid. Id. ¶ 6. The project consisted of widening the existing Soto Street Bridge. Id. ¶ 7.

Pulice alleges nine delays and disruptions which took place during the project, "due to repeated and numerous breaches of the Contract by the City, all of which were unreasonable and not within the contemplation of the parties." Id. ¶ 8. The nine delays alleged are as follows:

First, Pulice alleges the Union Pacific Railroad ("UPRR") Bridge demolition delay, which resulted because in order to widen the bridge, a nearby railroad bridge had to be demolished. Id. ¶ 9. The specifications for the project required that Pulice submit a demolition plan for approval, but the plan submitted was not timely reviewed or approved by the City nor by UPRR. Id. ¶ 9. The City ultimately had to change the plan for demolition based on inadequacies in the City's original plans and specifications, and thus from approximately December 2018 to December 2019, the changes were addressed through the submittal process and in October 2019 the demolition plan was approved. Id. ¶ 9-10. The City ultimately issued multiple Change Orders to Pulice for the impact, but Pulice alleges that additional unreimbursed costs of $1,450,000 remain. Id. ¶ 11.

Second, Pulice alleges the Cast-in-Steel-Shell ("CISS") Piles delay, which resulted because the project involved Pulice installing concrete piers for the bridge being rehabilitated, and these piers were close to an overhead University of Southern California ("USC") fiber optic line that was not disclosed in the City's plans. Id. ¶ 13. In November 2018, shortly after the job began, Pulice submitted a request for direction with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

respect to this undisclosed utility, and the City replied that it would be addressed at a later date. Id. ¶ 14. In December 2019, Pulice found it was unable to proceed because the USC fiber optic line was still in place and prevented use of the required crane. Id. ¶ 15. The USC fiber optic line was relocated in August 2020, at which point Pulice began the relevant work. Id. ¶ 16. Pulice alleges that as a result of this, it had to work out of sequence and in a less productive manner, incurring added total costs of $1,100,000. Id. ¶ 17.

Third, Pulice alleges the 4-Scale Adjustment delay, wherein Pulice erected a necessary bridge girder, and determined at that time that the City's bridge deck design was defective and required modification, delayed the work from October 2020 to January 2021. Id. ¶ 18. The City acknowledged this breach, issuing multiple Change Orders, but these acknowledgements were delayed and therefore had the effect of exacerbating the impact of the defective design and increasing performance costs. Id. ¶ 19. The City has reimbursed Pulice for some time-related costs, but Pulice alleges that additional unreimbursed costs of approximately $280,000 remain. Id.

Fourth, Pulice alleges the Partial Work Stoppage and Suspension of Project Work delay, which began in December 2020 due to budget constraints, and required Pulice to limit its work to the bridge deck, because the City stated it had insufficient funds to pay for other contract work. Id. ¶ 20. Because of these budget constraints, Pulice was limited to prioritizing bridge deck work from December 2020 until mid-February 2021, and because it did not receive confirmation from the City about its ability to pay, Pulice then suspended its work from mid-February through early April 2021. Id. ¶ 26. This resulted in significant delay and disruption. Id. The City ultimately issued Change Orders with regard to these compensable delays, but Pulice alleges that these were late and "its failure to timely grant additional time or costs to Pulice detrimentally affected Pulice's efficient performance of the work." Id. ¶ 27. Pulice claims that it is owed unreimbursed costs for these breaches of approximately $345,000. Id.

Fifth, Pulice alleges the USC Tunnel delay, which took place when Pulice was widening Soto Street, as required for the bridge work, and found a tunnel structure that had not been disclosed in the City's plans or specifications. Id. ¶ 28. This interfered with the plans and required their modification. Id. The City issued a Change Order with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

regard to this delay, but Pulice claims that additional unreimbursed costs remain, totaling approximately $70,000.  Id. ¶ 29.

Sixth, Pulice alleges the 2A/2B Redesign delay, which resulted because "the City's plans reflected an elevation different from the existing field conditions."  Id. ¶ 30.  In late 2021, Pulice notified the City that this was delaying the work.  Id.  Final plans were not provided to Pulice until late March 2022, delaying Pulice's progress.  Id. ¶ 31.  The City issued a Change Order, but Pulice alleges that the City did not timely acknowledge responsibility for the delay, increasing the disruption and resulting in still unreimbursed costs of $470,000.  Id. ¶ 32.

Seventh, Pulice alleges the CCO84 – Demolition delay, which resulted because Pulice needed UPRR to approve its demolition submittal, a process that took nearly eight months and "involved a number of what the City acknowledged were unforeseen conditions related to UPRR's requirements."  Id. ¶ 33.  The submittal was eventually approved and the City issued a Change Order to Pulice for costs associated with the unforeseen conditions, deferring compensation for the time impact.  Id.  Pulice alleges time-related costs for this breach of approximately $365,000.  Id.

Eighth, Pulice alleges the RFI 238 – Concrete Barrier delay, which resulted because in August and September 2022, the City made changes to Pulice's work related to the installation of a barrier rail and placement of asphalt concrete pavement.  Id. ¶ 34.  The City issued a Change Order and compensated Pulice for some of the costs, but Pulice alleges unreimbursed time-related costs of approximately $120,000.  Id.

Ninth, Pulice alleges the Light Pole delay, which resulted when the City transmitted revised electrical plans to Pulice toward the end of the project, affecting lead times for one of the light pole types.  Id. ¶ 35.  This resulted in time-related costs incurred by Pulice of approximately $75,000.  Id.

Pulice alleges a breach of an implied, if not express, warranty that the plans and specifications issued by the City were accurate and complete, based on eight of the nine above described delays, excluding the Partial Work Stoppage and Suspension of Project Work delay.  Id. ¶ 53(c).  Pulice alleges a breach of an implied, if not express, warranty that the City would not interfere with its performance of the work, based on all delays.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

Id. ¶ 53(d). Pulice alleges a breach of an implied, if not express, warranty that the City would provide it with access to the job site, based on only the Partial Work Stoppage and Suspension of Project Work delay. Id. ¶ 53(e). Pulice alleges a breach of the implied covenant of good faith and fair dealing, based on all nine delays. Id. ¶ 53(f).

## III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV. DISCUSSION

#### A. Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201, the City requests judicial notice be taken of eight exhibits. RJN at 1-2. Exhibit A is Pulice's February 2024 claim submitted to the City in satisfaction of government claim requirements as a condition to Pulice's filing suit against the City. Id. at 5-23. Exhibits B through H are Change Orders that the City argues form part of the parties' contract and on which Pulice relies in asserting its Counterclaim for breach of contract. Id. at 4; 23-46.

In opposition, Pulice argues that the City violates the rules of a 12(b)(6) motion and mischaracterizes Pulice's claims by failing to accept the allegations in its counterclaim as true and instead "openly challeng[ing] the veracity of those allegations and attempt[ing] to characterize Pulice's claims through extensive extrinsic evidence that: 1) may not be considered at the pleading stage, 2) is highly selective and misleading, and 3) is disputed by Pulice." Opp. at 1. Pulice argues that the proper way to resolve these disputes would be at the summary judgment stage, rather than through a request for judicial notice, which the Court should deny. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

In reply, the City argues that much of the objection is based on statements in the motion rather than on the documents themselves. Reply at 3. The City argues that if the Court chooses not to consider these documents, it does not affect its argument because Pulice alleges these same modifications in its counterclaim. Id. at 4.

### B.   Arguments Regarding All Claims

The City argues that there are only remaining disputes in this case "as to whether Pulice is entitled to additional time extensions for the four delays and additional time-related compensation for all nine delays pursuant to the terms of the contract." Mot. at 1. According to the City, Pulice's counterclaim should have asserted only a claim for breach of the express terms of the contract. Id. The City argues that Pulice cannot plausibly allege a breach of any of the implied covenants or warranties pursuant to which it states claims. Id.

The City contends that the project was governed by a detailed contract, as well as documents including Change Orders and project plans. Id. Change Orders "were defined as written orders signed by the City or by the City and Pulice, after the effective date of the Contract 'directing an addition, deletion or revision in the Work, or an adjustment in the Contract Price or time.'" Id. Project plans were issued by the City Engineer and showed details of the work. Id. According to the City, the parties agreed that the express provisions of the contract would govern any errors in the Contract plans. Id.

Pulice argues that, for the five delays for which the City asserts that the only dispute remaining is the compensation payable for the agreed upon time extensions, the City acknowledges that the impacts are its responsibility because they are unforeseen conditions and modifications of its plans, but that whether these "arise from the City's breach of express or implied contract terms has not been agreed upon." Opp. at 6.

In reply, the City argues that pursuant to Public Contract Code § 7105, "in competitively bid contracts such as the one here, "'compensation payable, if any, for amendments and modifications [to the contract] shall be determined as provided in the contract.'" Opp. at 5 (citing Public Contract Code § 7105(d)(2); Mot. at 6, 16). Once parties agree to a modification, the City argues, compensation is determined according to the Contract. Id. The City argues that Pulice fails to address this provision. Id. Additionally, the City contends that it agreed it is liable for these extensions in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

Change Orders and therefore, it is not necessary to invoke implied covenants to determine the City's liability.  Id.

    C.    **Breach of Warranty of Access to the Jobsite**

The City argues that Pulice fails to state a claim for breach of warranty of access to the jobsite based on the Partial Work Stoppage and Suspension delay because the issues are governed by the Contract, already modified on the basis of this unforeseen condition, and Pulice cannot allege that the City failed to provide to access to the site.  Mot. at 12.  In opposition, Pulice argues that the counterclaim states a claim for breach of warranty of access because Pulice had no access to perform any portion of the work aside from work on the bridge deck for a two-and-a-half month period.  Opp. at 14.  Pulice argues that the City is incorrect to contend that the warranty hinges on whether the site is partially or fully shut down, and that the City did not allow "Pulice to 'adequately carry on the construction and complete the work agreed upon,'" which it argues states a claim.  Id. at 14-15.  In reply, the City argues Pulice's only claim here is for compensation payable under the Contract as argued with regard to the other five delays.  Reply at 6.  If the Court considers this claim, the City argues, it must find that Pulice has failed to establish a breach because Pulice always had access and a direction to limit work is not the same as failing to provide access.  Id.  The City argues that Pulice should not be given leave to amend because such leave would be futile.  Id. at 7.

    D.    **Breach of Warranty Not to Interfere**

The City argues that Pulice fails to state a claim for breach of warranty not to interfere with its performance of the work.  Mot. at 13.  The City contends that Pulice is unable to identify any express provision giving rise to liability on this claim and that there is no separate claim pursuant to California law for breach of implied warranty not to interfere.  Id.  In opposition, Pulice argues that the interference claim is based on the gaps in the express provisions, particularly regarding how quickly the City was required to act.  Opp. at 16.  Pulice argues in response to the City's argument that there is no separate implied covenant not to interfere, that "[s]eparate or not, there is a standard California jury instruction, CACI 4502, that expressly covers a claim for breach of the implied covenant not to interfere."  Id. at 17.  In reply, the City argues that Pulice's only response is that there is a CACI Instruction covering such a claim, but that the instruction is inapplicable and that standard jury instructions are not law and cannot establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

precedent. Reply at 7-8. The City argues that Pulice is attempting to use breach of this warranty to assert the same claim it asserts with regard to the covenant of good faith and fair dealing, but with a lower negligence standard, which it argues is impermissible. Id. at 8.

### E. Breach of the Implied Covenant of Good Faith and Fair Dealing

The City contends that Pulice fails to state a claim for breach of the implied covenant of good faith and fair dealing which it alleges in connection with all nine delays. Mot. at 15. The City argues that there are three reasons Pulice does not raise a plausible inference that the City breached the implied covenant of good faith and fair dealing, warranting dismissal. Id. These are that: (1) Pulice fails to identify any Contract provision requiring it to administer the Contract in a timely manner; (2) Pulice fails to allege any conscious or deliberate acts, as required, by the City; and (3) California law and the Contract require the remaining disputes to be governed by the express terms of the Contract. Id. at 15-16.

In opposition, Pulice first argues that though there is no express provision as the City claims, the implied covenant exists to protect express promises in the contract. Opp. at 18. Pulice acknowledges it did not "expressly allege conscious and deliberate City acts," but it argues that in the context of a motion to dismiss, the Court should draw all reasonable inferences in its favor and conclude that the City's delays in administering the contract were conscious and deliberate, rather than an honest mistake. Id.

In reply, the City argues that Pulice does not dispute that it did not allege a conscious or deliberate act with regard to its claim for breach of the covenant of good faith and fair dealing, and that it should be required to amend its claim to allege these facts so that the City can determine whether Pulice states a claim. Reply at 8-9. The City does not object to Pulice being given leave to amend, but it does not agree that the additional facts in the Opposition are sufficient to state a claim and argues that leave should not be granted for the additional five delays, for which modifications were reached. Id. at 10.

### F. Breach of the Implied Warranty of Correctness

The City argues that Pulice does not state a claim for breach of the warranty of correctness as to plans and specifications, which it asserts with regard to eight of the nine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

delays. Mot. at 17. The City argues that the Contract expressly disclaimed warranty of conditions. Id. The City argues that in order to state a claim on this warranty, Pulice would have to "allege an affirmative misrepresentation of material facts or a non-disclosure of material facts in the City's plans and specifications on which Pulice justifiably relied," rather than merely a change in plans and specifications during the project. Id. at 17-18.

In opposition, Pulice argues that the warranty is not disclaimed by the kind of contract provision the City cites which says the City is not expressly warranting any conditions. Opp. at 7. Additionally, Pulice argues, incorrect plans and specifications always contain an affirmative misrepresentation or non-disclosure and this gives rise to a breach when a contractor reasonably relies on the plans or specifications at issue. Id. at 8-9.

In reply, the City contends that Pulice does not state a claim for breach of the implied warranty of correctness on the eight delays it alleges. Reply at 10. The City argues that a claim for breach of this implied warranty "may be pursued only 'to the extent…not subsumed within a change order.'" Id. (quoting Dillingham-Ray Wilson v. City of Los Angeles, 182 Cal. App. 4th 1396, 1407 (2010)). The City also argues Pulice is incorrect to claim that it need not allege an affirmative misrepresentation or non-disclosure to state a claim. Id.

### G. The Court's Conclusion

The Court concludes that whether a claim has been stated for each of the implied warranties and the implied covenant with which the City takes issue requires consideration of facts which is not appropriate on a motion to dismiss. The Court finds that the factual issues presented by this motion are better determined on a motion for summary judgment, where the Court has a more robust evidentiary record before it.

As to the City's request for judicial notice, the Court finds that notice of these records is proper for the fact that they were filed, pursuant to Federal Rule of Evidence 201. The Court cannot consider the evidentiary effect of the February 2024 Claim or the seven Change Orders nor whether these documents are complete as filed. As noted herein, these matters are better considered on a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-08099-CAS (PVCx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | City of Los Angeles v. Pulice Construction, Inc. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** the City's partial motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |